IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARGO L. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4205-CV-C-WAK |
| | ) | |
| ED FUND, a/k/a CALIFORNIA STUDENT AID COMMISSION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

      In September 2006, plaintiff Margo Kirk filed suit, pro se, against defendant ED Fund[1], asserting it misappropriated her income tax refund for payment on a defaulted student loan. She claims she did not authorize the loan, is not responsible for it, and that her credit rating has been damaged by the defendant's actions. Plaintiff did not identify statutes or legal theories supporting her claim, but generally asserts she is entitled to recover money damages for fraud, harassment, defamation of character and a violation of her Seventh Amendment rights.

      In March 2007, defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Alternatively, defendant requested a more definite statement under Fed. R. Civ. P. 12(e.) Shortly after the motion was filed, new counsel entered an appearance for defendant and submitted suggestions in support of dismissal. Initially, defendant asserts that plaintiff failed to set forth any facts in support of her claims and that her claims were unintelligible.

      Plaintiff responded in opposition to the motion and set forth facts to support her complaint. Defendant replied, suggesting plaintiff was attempting to assert claims under several federal statutes and that her claims were divided into two categories–those dealing with obtaining the loan and those dealing with matters after the loan was declared in default. As to

---

      [1]ED Fund is a nonprofit corporation founded by the California Student Aid Commission in January 1997. It was organized by the Commission to administer activities associated with the Commission's participation in the federal student loan program.

the first issue, defendant states it was not the lender[2] and was not involved in processing the loan papers which plaintiff claims were altered after she signed them. Thus, defendant asserts plaintiff has not set forth a claim against it for events occurring when the loan was obtained.

On the second issue, defendant avers plaintiff has failed to state a claim for events occurring during the collection efforts because (1) there is no private right of action for violations of the Higher Education Act[3], and (2) federal law authorizes the use of a tax refund to offset a past-due student loan debt. Further, defendant states it is not a debt collector under the Federal Fair Debt Collection Practices Act[4] (FDCPA) and plaintiff is foreclosed from bringing an action under the Federal Fair Credit Reporting Act[5] (FCRA) because she did not comply with certain requirements.

## Motion to Dismiss Standard

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

## Discussion

Based upon the pleadings, it appears plaintiff's son, Geoffrey Kirk, enrolled in school at Universal Technical Institute (UTI) in Houston, Texas. In July 2001, plaintiff completed a form

---

[2] Defendant states, by way of background information, that Sallie Mae held and serviced the PLUS loan for plaintiff's son until there was a default. After the default, ED Fund was required by statute to pay the default claim and purchase the note. See Doc. 12, Fn. 1.

[3] Higher Education Act of 1965 (HEA), 20 U.S.C. § 1071 et seq.

[4] Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The FDCPA imposes limitations on debt collectors when collecting on past due debt. 15 U.S.C. § 1692f.

[5] Federal Fair Credit Reporting Act (FCRA), 15 U.S. C. § 1681 et seq.

2

application and promissory note for a Federal PLUS loan[6]. She states she did not want to borrow money in this program, but that the school required her to submit it to complete the admission process. She acknowledges signing the form, but insists the loan amount she requested or approved was $0. She admits her son later changed the dollar amount from $0 to $1,736.00, without her consent, and asserts he did so at the direction of the financial officer of UTI. The loan application was certified for $1736.00, with plaintiff named as the borrower, and the guarantor was the California Student Aid Commission. The school section was completed and signed by a school official, and the lender was listed as The Sallie Mae Education Trust in Killeen, Texas.

Prior to approving the loan, Sallie Mae contacted plaintiff to obtain additional information. When plaintiff failed to respond, Sallie Mae contacted plaintiff's ex-husband. He provided the information and the loan was approved. Plaintiff does not dispute that her son received the funds from this loan, but clearly asserts she did not authorize the change to the loan documentation or agree to obtain and repay a loan under this program on her son's behalf.

When plaintiff received coupons to begin payments, she started making telephone calls to challenge the loan because it was unauthorized. She called and wrote to Sallie Mae, which did not provide plaintiff with relief from the obligation. At some point, the loan was declared in default and Sallie Mae turned the matter over to defendant in October 2002. In July 2003, plaintiff received a purchase notice from the defendant.

Plaintiff received numerous telephone calls and letters attempting to obtain payment from her for the debt. She states the telephone calls were harassing and unpleasant, and that she continued to explain that she had not authorized the loan and was not responsible for repayment. During the process, she learned that the original promissory note had been lost, she did not have a copy of it, and the copy she obtained was the altered version. Thus, she did not have a copy of the original with her signature and a zero in the blank for the dollar amount requested. The copy

---

[6]Federal PLUS loans are part of the Federal Family Education Loan Program and are available to graduate or professional students, or to the parents of a dependent student, with certain restrictions and guidelines. 20 U.S.C. § 1078-2.

3

she obtained had the zero amount scratched out, the new amount written in and her son's initials next to the change.

Pursuant to federal statutes or regulations, a credit reporting agency was notified of the default, and procedures were instituted to have plaintiff's income tax refund paid to the note holder to recover the amount due on the debt.

Plaintiff characterizes these actions as misappropriation of funds (taking her income tax refund), fraud (obtaining the income tax refund when the matter was being disputed), defamation of character (notifying the credit reporting agency), harassment (telephone calls and letters), and a violation of her right to a jury trial on the issues (not resolving the matter in a court of law early in the process).

After carefully reviewing the pleadings, the court does not find plaintiff has made claims against the named defendant related to the loan application process. Her allegations with that process are against school officials and Sallie Mae, who are not parties to this action. Instead, plaintiff is claiming that she is entitled to reimbursement of the amount of the loan repayment and for damages resulting from improper actions in the collection of the debt. Plaintiff alleges the promissory note was altered without her permission, and thus, was not a legally-enforceable valid contract subject to collection efforts and attachment of her income tax refund. Further, plaintiff suggests that defendant failed to investigate the matter when she contested it and then used improper methods to collect the debt.

For this court to have jurisdiction over the claims, plaintiff must allege a federal question or meet the requirements for diversity jurisdiction. 28 U.S.C. § 1331-1332. Plaintiff has not asserted the basis for bringing her claims in federal court, and so the court is addressing this issue based upon the pleadings submitted and the comments made at the recorded telephone conference held on June 28, 2007.

The parties are citizens of different states, but based upon the facts alleged, the amount in controversy does not meet the jurisdictional requirements for diversity jurisdiction. The amount-in-controversy requirement is a jurisdictional issue that the court must determine, Trimble v. Asarco, Inc., 282 F.3d 946, 959 (8th Cir. 2000), and a plaintiff's allegations of the amount in controversy is not necessarily dispositive of the issue. State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995). "The party invoking jurisdiction

4

bears the burden of proof that all prerequisites to jurisdiction are satisfied." Gramc v. Millar Co./Schindler Enterprises, 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998). Although plaintiff's initial complaint seeks damages in excess of the jurisdictional requirement, the allegations of her damages and the amount of money at issue in the loan and income tax refund do not realistically meet the jurisdictional requirement.

Accordingly, for this case to go forward, plaintiff must present a federal question. Defendant has identified three federal Acts under which plaintiff may be asserting a claim. Plaintiff's pleadings only briefly address the statutes and she does not identify any other statute that she is asserting is the basis for her claims.

The loan at issue in this case is a Federal PLUS loan. The Federal PLUS loan program is authorized under 28 U.S.C. § 1078-2 and falls within the HEA. In determining whether the HEA creates a private remedy for violations, the courts have looked at four factors: 1) for whose benefit the statute was passed, 2) was there a legislative intent to create or deny a private remedy, 3) is an implied remedy consistent with the purpose of the legislation, and 4) is the cause asserted one that traditionally falls to state law. After considering these factors, the Eighth Circuit Court of Appeals and most other courts have concluded that there is no private right of action under the HEA[7]. Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996). See also Parks School of Business, Inc. v. Symington, 51 F.3d 1480 (9th Cir. 1995). Thus, in the absence of a private right of action, plaintiff has failed to state a claim under the HEA.

Defendant also asserts it is entitled to dismissal because it is not a debt collector within the meaning of the FDCPA and that it is exempt under the statute because of its bona fide fiduciary obligation. Specifically, defendant states "as an auxiliary corporation of a state agency, the California Student Aid Commission, created pursuant to California Education Code § 69522, [it] is not subject to liability under the FDCPA." (Doc. 17 at 7.) ED Fund asserts that it acts as a fiduciary of the United States Department of Education with regard to funds it collects from defaulted borrowers on Federal Family Education Loan Program loans.

---

[7]The Act "specifies that the Secretary of Education has the power to carry out the Act's purposes. . . ." Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996).

5

These issues were recently addressed by the court in Virgen v. Mae, No. 06-0341 (E.D. Cal. June 22, 2007); slip copy 2007 WL 1521553 (E.D. Cal. May 23, 2007). In that case, the court determined that defendant ED Fund falls within the general definition of "debt collector" under 15 U.S.C. § 1692a(6), but that the fiduciary exemption applies. After considering the reasoning set forth in Virgen and the cases cited therein, the court finds that defendant falls within the bona fide fiduciary obligation exception set forth in the statute. Thus, the FDCPA does not apply to the actions of defendant and plaintiff has failed to state a claim under the FDCPA. See also Montgomery v. Educational Credit Management Corp., 238 B.R. 806 (D. Minn. 1999) (guaranty agency acts incident to a fiduciary obligation when collecting on defaulted student loans).

Finally, defendant asserts that plaintiff has failed to state a claim under the FCRA because she failed to report the alleged error to the credit reporting agencies in the first instance. Plaintiff does not assert that she made the required report to the credit reporting agencies.

Courts have held that consumers may bring a private cause of action for violations of 15 U.S.C. § 1681s-2(b), provided the consumer notifies the credit reporting agency of the alleged misinformation or dispute and the agency notifies the reporting entity (in this case ED Fund). See Larson v. Ford Credit, slip op. 2007 WL 1875989 (D. Minn. June 28, 2007); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002).

To the extent plaintiff challenges the validity of the note, the law provides that the existence of a promissory note signed by a student loan debtor establishes a prima facie case for recovery. See United States v. Irby, 517 F.2d 1042 (5th Cir. 1975); United States v. Manning, 2002 WL 193699 (S.D. Ohio, Jan. 30, 2002) (unpublished). Plaintiff does not dispute that she signed the promissory note, but asserts that the amount was changed after she signed it and before it was acquired by defendant. Documents submitted with her complaint indicate defendant gave plaintiff an opportunity to provide proof that the note had been altered, and plaintiff appears to concede she was unable to do so.

The court also notes that federal law permits the use of a tax refund to offset a past due student loan debt. 31 U.S.C. § 3072A.

As a final matter, the court understands plaintiff's belief that she has been wronged and is entitled to relief, even though her son appears to have received the benefit of the loan. It is most

unfortunate that this matter could not have been resolved while plaintiff's son was enrolled at the institution and before collection efforts were instituted. At that point, the original loan documentation might have been available. Nevertheless, discussions during the conference indicated that defendant might be amenable to providing plaintiff with some relief via a refund of certain moneys and/or appropriate notice to the credit reporting agencies. The parties are encouraged, notwithstanding this order, to continue those discussions.

Accordingly, for the reasons set forth above, it is

ORDERED that defendant's motion of March 23, 2007, to dismiss, with prejudice, for plaintiff's failure to state a federal cause of action is granted. [8] It is further

ORDERED that defendant's alternate motion of March 23, 2007, for a more definite statement is denied as moot. [8] It is further

ORDERED that to the extent plaintiff has alleged any supplemental state claims not preempted by federal statutes, plaintiff's claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). It is further

ORDERED that plaintiff's request of April 9, 2007, to dismiss defendant's counterclaim and to deny attorney fees is denied as moot. [13]

Dated this 1st day of August, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge